1834.

SUMMERS
*v.*
MURRAY.

---

SUMMERS *v.* MURRAY, *et al.*

---

To a bill to set aside an award for corruption, the defendants joined in answering and in pleading the award. The answer preceded the plea and commenced as a general answer, and had no saving as to the plea; nor did the latter appear to be otherwise than a pleading to the whole of the bill : Held, that the plea was bad.

It is very doubtful how far arbitrators charged with corruption can join with parties in pleading the award.

Where an answer accompanied a plea and the latter was overruled, the complainant was allowed twenty days to except to the answer.

---

Bill to set aside an award, on the ground of corrupt conduct by the arbitrators. The latter were made parties.

All the defendants joined in an answer and plea. The answer preceded the plea ; and it commenced as " The joint and several answer of Janet Murray, James D. Stout, Edward G. Cooke and Hugh Murray to the bill of complaint of John S. Summers, complainant," and went on with the usual " saving and reserving to themselves all manner of benefit and advantage of exception to the many errors and insuffi- ciences in the complainant's said bill of complaint contained, for answer, &c." It answered the whole of the bill ; ended with the usual denial of combination and the general traverse ; and was sworn to. Then came the plea, which commenced as " The joint and several plea of Janet Murray,

July 8.
1834.

Pleadings.
Answer.
Overruling plea.
Arbitrators.
Award.
Practice.
Time to except to answer upon overruling plea.

Hugh Murray, Edward G. Cooke and James D. Stout, defendants to the bill of complaint of John S. Summers, complainant;" and a jurat was attached. It was a plea of the award.

The plea now came up for argument.

*The counsel for the complainant* objected to the form of the pleadings ; insisting that the answer overruled the plea, and relied upon the case of *Leaycraft* v. *Dempsey*, 4. Paige's C. R. 124.

*Mr. J. B. Scoles*, for the defendants.

THE VICE-CHANCELLOR :—Even if this should be found a proper case for a plea of the award by all the defendants (thereby including the arbitrators)—which I very much doubt—yet the plea and answer are so informally put together as to leave no question of the answer overruling the plea : *Leaycraft* v. *Dempsey*, 4. Paige's C. R. 124.

Nor do I see any necessity for permitting the plea to stand for an answer or allowing it to be amended. The answer, which is entirely distinct from the plea and which purports to be an answer to the whole bill—as if no plea had been interposed—covers the whole ground upon which the award is sought to be impeached ; and if supported by proof, even standing without the matters of the plea, it will be sufficient to put an end to the cause in this court. And in case the answer should be disproved, I apprehend the only relief which this court will give upon the present bill must be, to set aside the award, leaving the parties, in relation to the matters submitted to arbitration, to their legal rights and remedies. I am strongly inclined to doubt how far arbitrators can, in a case charging corruption, plead their award. But, at present, all I can do is to overrule the plea, with costs.

*The counsel for the complainant* asked that the order overruling the plea, might also give his client twenty days, from its date, to except to the answer.

THE COURT allowed it.